Welch, J.
We see no error in the rulings of the court below. The charter of this company is expressly made 'Obligatory upon all its members. It expressly declares that ■policies issued upon incumbered property, without a written ■application containing a statement of the incumbrance, shall ■ 'be void. This provision admits of no construction, and no attempt is made to avoid its effect in the present case •by proof of fraud or mistake. It is the law of the parties, adopted by themselves, and becomes part of their contract. By it they have declared and agreed that this form of writ•ten notice shall be essential to the validity of the policy, and that verbal notice cannot be substituted for it. But even •were this otherwise, we fail to see that the plaintiff offered to prove verbal notice of the incumbrance, to the company. The .power of the agent was limited to receiving and forwarding •applications. Notice to him was no notice to the company. In filling up the application, he acted as agent of the plaintiff, and not of the company. The policy was, therefore, issued not only without the notice required by the charter, but ■without any notice of the existence of the incumbrance, and *291 by the express provision of the charter was unauthorized and void.

Judgment affirmed.

Brinkerhoff, C.J., and Scott, White, and Day, JJ., concurred.